FILED
 2007 Mar-19 PM 02:55
U.S. DISTRICT COURT
    N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM STEVE OWENS,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| **v.** | ] |
| | ]   **CASE NO.: 2:-06-CV-2272-VEH** |
| **C. MARK BOWEN, the Adjutant General for the Alabama National Guard,** | ] |
| | ] |
| **Defendant.** | ] |

### Memorandum Opinion

**I.    Introduction**

This is a declaratory judgment action filed on October 26, 2006 by the Plaintiff, William Steve Owens ("Plaintiff"), against Defendant C. Mark Bowen, the Adjutant General for the Alabama National Guard ("Defendant"). [Doc. 1]. The action concerns Defendant's handling of Plaintiff's termination from his employment as an Aircraft Engine Mechanic with the Alabama Air National Guard. Plaintiff seeks a declaratory judgment that Defendant violated the due process rights guaranteed him under the Constitutions of the United States and the State of Alabama, and that Defendant breached a contract between Plaintiff and the Alabama Air National Guard. Plaintiff requests relief in the form of compensatory and punitive damages;

1

back pay, retirement, insurance, pension, annuity and workmen's compensation benefits; and appropriate equitable relief, including the reinstatement of his employment. Plaintiff alternatively asks this Court to transfer this case to a court of competent jurisdiction "if the determined award monetary or otherwise is beyond the jurisdiction" of this Court under 28 U.S.C. § 1681.

This cause comes before the Court on Defendant's Motion to Dismiss or for a More Definite Statement, filed on December 4, 2006. [Doc. 6]. Defendant's motion urges dismissal on Federal Rule of Civil Procedure 12 grounds, or in the alternative, for a More Definite Statement pursuant to Rule 12(e).[1] For the reasons stated herein, the Motion to Dismiss is **DENIED**, with leave to later re-file, and the Motion for a More Definite Statement is **GRANTED**.

## II.   Facts[2]

For approximately twenty two years, Plaintiff, a member of the Alabama National guard, was employed by the United States government as an Aircraft Engine Mechanic with the Alabama Air National Guard 117th Refueling Wing under the

---

[1] Defendant avers that the complaint is due to be dismissed under the following provisions of Federal Rule of Civil Procedure 12(b): lack of subject matter jurisdiction, 12(b)(1); improper venue, 12(b)(3); insufficiency of service of process, 12(b)(5); and failure to state a claim upon which relief can be granted, 12(b)(6).

[2] The Court notes that, for the purposes of this motion, any factual ambiguities are construed in favor of Plaintiff, as the non-movant. The Court will nevertheless note any disputed "facts."

National Guard Technician Act of 1968, 32 U.S.C. § 709.[3]

On September 27, 2002, Plaintiff was indicted for violating 18 U.S.C. § 545, which prohibits the smuggling of goods into the United States. He was placed on administrative leave from his Aircraft Engine Mechanic position on approximately May 17, 2003, and apparently removed from the position on June 11, 2003. Plaintiff pled guilty to the indictment and was sentenced to one year and one day in federal prison, beginning on or about August 4, 2003. The Alabama Air National Guard apparently continued to pay Plaintiff's Aircraft Engine Mechanic salary through September 2003.

Plaintiff claims that the June 11, 2003 notice of his removal from the engine mechanic position was sent to an incorrect address, delaying his receipt of the notice until his release from federal prison in June 2004. He alleges that this delay prevented him timely appealing his termination and/or from requesting that a hearing be held on the matter.[4]

After his release from prison, Plaintiff petitioned the United States Air Force

---

[3] National Guard membership is a prerequisite for employment as a technician under §709(b)(2). Such technicians are considered to have "dual status" as both military and federal employees.

[4] Defendant references *Owens v. United States of America et al.*, CV-04-0478, a previous action brought by Plaintiff in the Northern District of Alabama. In that case, filed in March 2004, Plaintiff made reference to being a "former" mechanic. Defendant submits this as an indication that Plaintiff was aware of his termination prior to his June 2004 release from prison.

to correct his military records. On May 2, 2006, the Air Force Board for Correction of Military Records ordered that Plaintiff's records be corrected to show that he was discharged from the National Guard (effective December 29, 2003); transferred to the Individual Ready Reserve List (effective December 30, 2003); transferred to the Reserve Retired List (effective December 31, 2003); and is eligible for retirement pay at age 60 pursuant to 10 U.S.C. § 12731. Plaintiff submits that these "corrections" to his records weigh in favor of his claim of benefits.

### III. Standards of Review

#### A. Motion to Dismiss

      1. Lack of subject matter jurisdiction.

A defendant may file a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. A defendant may attack subject matter jurisdiction in two ways: facially and factually. *See Scarfo v. Ginsburg*, 175 F.3d 957, 960 (11th Cir. 1999). Under a facial attack, the court merely looks to see if the "plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 960 (citations omitted). In contrast, factual attacks "challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.*

(citations omitted). The court is free to weigh the evidence, and "'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Id.* at 960-61 (citations omitted). The burden is placed on the plaintiff to prove that jurisdiction exists in the face of a factual challenge to subject matter jurisdiction. *See OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

    2.    Failure to state a claim upon which relief can be granted.

A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a Rule 12(b)(6) motion, the court "must accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002)(citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)).

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003)(quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the

Plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)(emphasis in original)(citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)). "The threshold of sufficiency that a complaint must meet to survive a Motion to Dismiss for failure to state a claim is…'exceedingly low.'" *Ancata v. Prison Health Serv., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)(quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev.*, 711 F.2d 989, 995 (11th Cir. 1983)).

     **B.    Motion for a More Definite Statement**

A party may move for a more definite statement if a pleading is "so vague or ambiguous that a party cannot reasonably be required to form a responsive pleading." Fed. R. Civ. P. 12(e). The motion must "point out the defects complained of and the details desired." *Id.* Along with the Rule 56 summary judgment device, the Rule 12(e) motion for a more definite statement constitute "the appropriate devices to narrow the issues and disclose the boundaries of the claim and defense." *In re Southeast Banking Corp.,* 69 F.3d 1539, 1551 (11th Cir. 1995), *quoting Williams v. United Credit Plan of Chalmette, Inc., et al.*, 526 F.2d 713, 714 (5th Cir. 1976). The Court has broad discretion in the disposition of a motion for a more definite statement. *Mitchell v. E-Z Way Towers, Inc., et al.*, 269 F.2d 126, 130 (5th Cir.

6

1959). Due to the "great liberality of [Fed. R. Civ. P. 8], permitting notice pleading," the motion for a more definite statement is not to be capriciously granted, and it "should not be used to frustrate [the Rule 8 notice pleading] policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Id.* at 132.

Moreover, a motion for a more definite statement is not to be used as a means of gleaning further facts solely for trial preparation. The various discovery devices available under the Federal Rules of Civil Procedure exist for this, and parties are not permitted to misuse the motion for a more definite statement for this purpose. *Id.*

**IV.   Analysis**

    **A.   Motion for Dismissal**

Defendant claims that Plaintiff's complaint is due to be dismissed for the following reasons: 1) the Court lacks subject matter jurisdiction over plaintiff's claims pursuant to the doctrine of intra-military immunity; 2) if Plaintiff is alleging a constitutional tort claim against Defendant in his individual capacity, Plaintiff has not articulated sufficient facts to sustain such a claim; 3) if Plaintiff is alleging a constitutional tort claim against the United States, there is no jurisdictional basis to bring such a claim, and even if there were, it would be barred by the doctrine of sovereign immunity; 4) Plaintiff's constitutional tort claim is barred by the two-year

statute of limitations established by Alabama state law; 5) under 28 U.S.C. § 1346(a)(2), if Plaintiff's breach of contract claim seeks damages in excess of $10,000, this Court does not have jurisdiction over the breach of contract; 6) Plaintiff's constitutional and breach of contract claims stem from his position as a federal employee and are thus precluded under the precedents of the United States Supreme Court and the United States Court of Appeals for the Eleventh Circuit; 7) Plaintiff's claims are precluded under *res judicata* and/or collateral estoppel because of a previously litigated action implicating the facts at hand in this case; 8) Plaintiff has not complied with the requirements for service of complaints mandated by Federal Rule of Civil Procedure 4; and 9) venue "may not" be appropriate in this district.[5]

The Motion to Dismiss is **DENIED**. The Court has carefully considered each putative ground for dismissal and has concluded that none are due to be granted at this time. Instead, as discussed below, Defendant's Motion for a More Definite statement will be granted and Plaintiff will be directed to file an amended complaint. The Court grants Defendant leave to thereafter re-assert any applicable grounds raised in the first motion to dismiss.

---

[5] Defendant claims that Plaintiff's complaint is too vague to determine whether venue is appropriate or not.

### B. Motion for a More Definite Statement

Defendant offers the following rationale for its alternative motion for a more definite statement: 1) Plaintiff has not specified whether the action is brought against Defendant in his official or individual capacity; 2) Plaintiff has not alleged a valid jurisdictional basis for the action; 3) Plaintiff does not state whether he seeks relief only for his dismissal as a federally-employed technician or if he also seeks relief pursuant to his military status in the state national guard;[6] 4) Plaintiff has not pled facts showing that Defendant personally violated Plaintiff's due process rights - a necessity if Plaintiff is suing Defendant in his individual capacity; 5) Plaintiff does not specify when or how the contract was breached; 6) to any extent that the Complaint is directed toward Defendant's role as a military guardsman, the state Attorney General should respond to any allegations, as the United States Attorney for the Northern District of Alabama only represents Defendant as to actions that allegedly involve his duties as Plaintiff's supervisor in Plaintiff's capacity as a federal employee under 32 U.S.C. § 709.

Upon consideration of these grounds, the Court concludes that Defendant's

---

[6] If Plaintiff is bringing suit in the latter capacity, Defendant submits that the Attorney General of the State of Alabama is the proper entity to respond because the United States Attorney for the Northern District of Alabama only represents Defendant as to actions that allegedly involve his duties as Plaintiff's supervisor in Plaintiff's capacity as a federal employee under 32 U.S.C. § 709.

Motion for a More Definite Statement is due to be **GRANTED**.[7]  An appropriate order is filed simultaneously with this Memorandum Opinion.

This the 19th day of March, 2007.

                                                                */s/ Virginia Emerson Hopkins*
                                                                 **VIRGINIA EMERSON HOPKINS**
                                                                 United States District Judge

---

[7] The Court's decision is in keeping with Plaintiff's request that he be allowed to amend his complaint should the Court be "unclear" as to his claims. [Doc. 10.]